A06A1272. IN THE INTEREST OF T. C. et al., children.

(635 SE2d 395)

BERNES, Judge.

The biological father of T. C. and S. C. appeals an order entered by the Juvenile Court of Bibb County terminating his parental rights.[1] He contends that the evidence presented was insufficient to warrant the termination order. Finding no error, we affirm.

> In reviewing a juvenile court's decision to terminate parental rights, we view the evidence in the light most favorable to the appellee and determine whether any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost. In so doing, we do not weigh the evidence or determine the credibility of witnesses, but defer to the juvenile court's factfinding.

(Punctuation and footnotes omitted.) *In the Interest of V. M. T.,* 243 Ga. App. 732, 735 (3) (534 SE2d 452) (2000).

So viewed, the record reflects that appellant and the children's mother divorced in June 2002, and the mother retained physical custody of T. C. and S. C., ages eight and ten, respectively. On October 2, 2002, the children's mother failed to retrieve them from school after which her whereabouts remained unknown for 24 hours. Appellant was incarcerated at the time for the aggravated stalking of his ex-wife. A report was made to the Bibb County Department of Family and Children Services ("DFCS"), and the children's mother subsequently voluntarily placed them into their godparents' custody, where they have remained since that date.

Throughout the time that the children have been living with their godparents, appellant has served additional jail time on at least three occasions for probation violations. During the interim periods that he has not been in jail, his whereabouts have been generally unknown.

---

[1] The mother is not a party to this appeal.

On December 11, 2002, DFCS filed a petition alleging that the children were deprived. The deprivation hearing was repeatedly continued due to DFCS's inability to locate and serve appellant or the children's mother. The court granted the godparents temporary custody of the children under DFCS's supervision pending the continued hearing. After serving appellant and the mother by publication, the juvenile court conducted a hearing on July 9, 2003. Neither parent attended. Following the hearing, the court issued an order finding by clear and convincing evidence that the children were deprived. Neither parent appealed that ruling.

Between July 2003 and March 2004, DFCS developed a series of reunification case plans for appellant that required him to schedule, attend, and complete parenting classes; obtain a psychological evaluation; and complete all counseling sessions as recommended. Appellant did not complete any of the goals of the case plan. Nor did he pay any child support. In addition, DFCS scheduled 12 visits for appellant to spend time with his children, none of which he attended. On March 26, 2004, DFCS submitted a written case summary to the juvenile court advising it that the whereabouts of appellant and the children's mother were unknown and recommending that the children remain in DFCS's custody based upon the parents' failure to maintain contact with T. C. and S. C., pay child support, or comply with the case plan goals.

On November 23, 2004, DFCS filed a petition to terminate the parental rights of appellant and the children's mother, both of whose whereabouts remained unknown. After several continuances, the juvenile court conducted a hearing with both parents present and represented on June 1, 2005, after which it terminated their parental rights. This appeal followed.

The criteria authorizing the termination of parental rights are well established.

> A termination of parental rights case involves a two-step analysis. First, there must be a finding of parental misconduct or inability, which requires clear and convincing evidence that: [(a)] the child is deprived; [(b)] the lack of proper parental care or control is the cause of the deprivation; [(c)] the cause of the deprivation is likely to continue; and [(d)] continued deprivation is likely to cause serious physical, mental, emotional, or moral harm to the child. OCGA § 15-11-94 (b) (4) (A) (i)-(iv). If these four factors exist, then the court must determine whether termination of parental rights is in the best interest of the child, considering the child's

physical, mental, emotional, and moral condition and needs, including the need for a secure, stable home. OCGA § 15-11-94 (a).

*In the Interest of B. J. F.*, 276 Ga. App. 437, 439 (1) (623 SE2d 547) (2005).

1. Appellant asserts that the juvenile court erred by finding clear and convincing evidence of parental misconduct or inability. We disagree and will discuss each factor in turn.

(a) *Deprivation.* Appellant is bound by the unappealed juvenile court order adjudicating T. C. and S. C. deprived. *In the Interest of M. M.*, 276 Ga. App. 211, 213 (622 SE2d 892) (2005).

(b) *Lack of parental care or control as cause of the deprivation.* In determining whether a noncustodial parent's lack of care or control is the cause of the deprivation, the juvenile court is required to consider

whether the parent without justifiable cause has failed significantly for a period of one year or longer prior to the filing of the petition for termination of parental rights: (i) [t]o develop and maintain a parental bond with the child in a meaningful, supportive manner; (ii) [t]o provide for the care and support of the child as required by law or judicial decree; and (iii) [t]o comply with a court ordered plan designed to reunite the child with the parent or parents.

OCGA § 15-11-94 (b) (4) (C).

Here, the evidence showed that appellant had seen his children only once in the 12 months preceding the termination petition, when he encountered them at their great-grandmother's funeral. In the year prior, he saw them only at Christmas and on his son's birthday. Apart from his visit at Christmas, he never sent a card, letter, or present to his children in the two years prior to the filing of the petition for termination. He failed to attend any of the 12 visits scheduled by DFCS. Indeed, he has failed to contact DFCS since his children were removed from their home and failed to keep the DFCS caseworkers informed of his whereabouts or his contact information. Appellant further has not paid any child support. Nor did he take even a single step toward complying with the goals on the court-ordered case plan.

Appellant claims to have maintained telephone contact with T. C. and S. C. However, in light of the above deficiencies, the trial court was authorized to find that this minimal contact was not sufficient to develop and maintain a meaningful bond with his children. And appellant's assertion that he did not know and was not directed to pay child support fails in light of the directive found in

OCGA§ 19-7-2 that a parent has a statutory duty to support his or her children, with or without a court order. See *In the Interest of D. L.*, 268 Ga. App. 360, 363 (1) (601 SE2d 714) (2004). These facts, taken together, support the juvenile court's determination that appellant's failure to exercise proper parental care and control caused T. C. and S. C. deprivation. See *In the Interest of A. C.*, 230 Ga. App. 395, 397 (1) (496 SE2d 752) (1998). See also *In the Interest of M. E. M.*, 272 Ga. App. 451, 454 (612 SE2d 612) (2005); *In the Interest of M. M.*, 276 Ga. App. at 214-215.

(c) *Cause of the deprivation is likely to continue.* The record also contains clear and convincing evidence that the cause of the children's deprivation was likely to continue or would not likely be remedied. OCGA § 15-11-94 (b) (4) (A) (iii). "Although past deprivation is not sufficient for termination without a showing of present deprivation, the court can consider a parent's past conduct in determining whether such conditions of deprivation are likely to continue." (Citation, punctuation and footnote omitted.) *In the Interest of M. E. M.*, 272 Ga. App. at 454. Appellant's failure to have any meaningful contact or visits with his children, failure to pay any support toward their care, failure to comply with any directive on his case plan, failure to contact or keep DFCS aware of his whereabouts, and repeat incarcerations all support the trial court's finding that the conditions of deprivation are likely to continue. See id. at 454-455; *In the Interest of A. C.*, 230 Ga. App. at 397-398 (1).

(d) *Likelihood of harm.* Finally, the record supports the juvenile court's determination that continued deprivation was likely to cause serious harm to T. C. and S. C. OCGA§ 15-11-94 (b) (4) (A) (iv). There is no evidence of a parental bond between appellant and T. C. and S. C. The children's godmother, on the other hand, testified that the children were thriving in her care, having matured and completed the fourth and sixth grades. She also expressed her desire to adopt them and provide them with a permanent, stable home. Appellant recognized that his children are happy in their current placement. DFCS studied the children and their godparents and recommended that the parental rights be terminated so that the children could be adopted. This evidence, particularly in light of appellant's failure to maintain meaningful contact and support for his children and his inability to comply with the reunification plan, authorized the juvenile court to find that T. C. and S. C. would suffer serious harm if returned to appellant. *In the Interest of A. C.*, 230 Ga. App. at 398 (1). See also *In the Interest of D. T. C.*, 248 Ga. App. 788, 792 (2) (d) (548 SE2d 11) (2001); *In the Interest of J. K.*, 239 Ga. App. 142, 146 (1) (520 SE2d 19) (1999).

2. While not specifically challenged by appellant, we are also persuaded that termination of appellant's parental rights is in the

best interest of T. C. and S. C. See OCGA § 15-11-94 (a). "The same factors that show the existence of parental misconduct or inability may also support a juvenile court's finding that terminating the parent's rights would be in the [children's] best interest." (Citation and punctuation omitted.) *In the Interest of M. M.*, 276 Ga. App. at 215-216. The children are thriving with their godmother, with whom they have lived for nearly three-and-one-half years and who desires to adopt them. In contrast, they had seen appellant fewer than five times in the two years prior to DFCS filing the termination petition, and appellant took no affirmative steps to achieve reunification. He failed to show up for a single visit with his children scheduled by DFCS. This evidence, in addition to appellant's failure to provide any support for them, supports a finding that termination of appellant's parental rights is in the children's best interests. See id.; *In the Interest of A. C.*, 230 Ga. App. at 398 (1). Accordingly, we affirm the order of the juvenile court.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED AUGUST 15, 2006.

*Josephine B. Jones*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Charissa A. Ruel, Assistant Attorney General, Andrew S. Foster*, for appellee.